U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

DEC 1 1 2012

TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Lacassin | Civil Action No. 6:11-CV-2104 |
| versus | Judge Richard T. Haik, Sr. |
| Virco, Inc. | Magistrate Judge C. Michael Hill |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by defendant, Virco, Inc. ("Virco") [Rec. Doc. 11], plaintiff Linda Richard Lacassin's Memorandum in Opposition [Rec. Doc. 13] and Virco's Reply in support of its motion [Rec. Doc. 20] as well as a Motion To Strike the Affidavit of Lee A. Wallace filed by plaintiff Linda Richard Lacassin [Rec. Doc. 17] and Virco's opposition thereto [Rec. Doc. 22]. For the following reasons, Virco's Motion for Summary Judgment will be granted and plaintiff's Motion To Strike the Affidavit of Lee A. Wallace will be denied.

*I. Background*

On February 17, 2011, while employed by the St. Landry Parish School Board and in the course and scope of her employment as a computer lab facilitator at Krotz Springs Elementary School, plaintiff, Linda Richard Lacassin, fell to the floor when the desk chair she was sitting in broke. Plaintiff did not have an opportunity to look at the chair after it broke, and when she returned to work the chair had been thrown away. *R. 11-2, p. 72-73.* Plaintiff filed this action against Virco, Inc. as the manufacturer of the desk chair, alleging that the incident and her resulting injuries occurred as a result of Virco's defective product. *R. 1, ¶ 3.* Plaintiff alleges in her *Complaint* that on the date of the incident, two metal pieces under the seat portion of her desk chair, causing her to fall backwards.

Virco filed the motion at bar on September 12, 2012. *R. 11*. Plaintiff filed her opposition to Virco's motion on October 5, 2012 and Virco filed a reply memorandum on October 17, 2012. *R. 13, 20*. Thereafter, plaintiff filed a Motion to Strike the Affidavit of Lee A. Wallace, attached to Virco's Reply, which Virco opposes. *R. 17; 22*. The Court will consider the motions as follows.

## *II. Law and Analysis*

### A. *Motion To Strike*

Plaintiff moves the Court to strike the affidavit of Lee A. Wallace contending it was filed untimely, is not based upon personal knowledge and fails to comply with the relevancy requirements of Federal rules of Evidence 401 and 402. *R. 17*. Virco opposes the motion. *R. 22*.

Rule 56(e) provides in pertinent part:

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

F.R.C.P. 56(e)(1). Wallace is employed by Virco, Inc. His title is Senior Industrial Engineer of Virco Mfg. Corporation. He was at all times pertinent to this litigation, familiar with Virco's testing program to ensure that the Virco Model 9260, at issue in this action, met or exceeded the requirements of the relevant tests within AMSI/BIFMA X 5.1. *R. 22*. It is reasonable and logical that persons bearing the title of Senior Industrial Engineer of Virco Manufacturing would indeed be personally knowledgeable about a chair manufactured by Virco, as well as the testing

required and the testing results for the products Virco manufactures. "An official title alone is enough to indicate the basis of personal knowledge when, as here, that title clearly identifies the official's "sphere of responsibility and the facts stated in the affidavit are within that sphere." *Rutledge v. Liability Ins. Industry*, 487 F.Supp. 5, 7 (W.D.La.1979)(J. Davis).

As to plaintiff's contention that the affidavit is untimely because it was filed after the motion for summary judgment, Virco represents that the affidavit was not received at the time of filing the motion for summary judgment and was therefore filed with the reply memorandum, shortly after it was received, at which time a copy was provided to plaintiff. Under Federal Rule of Civil Procedure 6(b), the Court has broad discretion to accept late-filed affidavits "where the failure to act was the result of excusable neglect. *Berhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 444 (5th Cir. 1990).

Based on the foregoing, the Court finds that Wallace's affidavit is sufficient under Rule 56(e) and plaintiff's Motion to Strike will be denied.

## B. *Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict

if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita*

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### C. The LPLA Claims

Plaintiff asserts causes of action against Virco based upon the allegedly defective nature of the chair manufactured by Virco. The LPLA contains an exclusive remedy provision limiting a plaintiff's theories of recovery against a manufacturer of an allegedly defective product to those established by the Louisiana Products Liability Act (the "LPLA"). *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir.2002).[2] "To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.[3] *Id., citing* La.Rev.Stat. § 9:2800.54(A). Under Louisiana law, a product can be unreasonably dangerous in construction or composition; in design; due to an inadequate warning; or because it does not conform to an express warranty of the manufacturer about the product. *See* La. R.S. 9:2800.54(B). The plaintiff bears the burden of proving that a product is unreasonably dangerous. *See* La. R.S. 9:2800.55(D).

Plaintiff's Complaint alleges that the desk chair was unreasonably dangerous

---

[2] To the extent plaintiff alleges a negligence claim against Virco, "negligence, strict liability, and breach of express warranty are not available as theories of recovery against a manufacturer, independent from the LPLA." *Id.*

[3] For purposes of the Motion for Summary Judgment, the Court will assume that Virco is the manufacturer of the desk chair at issue and that plaintiff's use of the chair was reasonably anticipated.

5

in construction or composition. *R. 1, ¶ 7*. Alternatively, plaintiff alleges first that the desk chair was unreasonably dangerous in its design, and second, in its failure to contain an adequate warning. *Id., at ¶¶ 8 - 10*. Virco asserts that plaintiff cannot establish that the chair's characteristic which renders it unreasonably dangerous existed at the time it left Virco's control because she has no evidence to show that the chair was defective in either construction or design when it left Virco and because she has no expert testimony to support any such defect in design, construction or warning. Plaintiff argues that the LPLA does not require her to produce expert testimony and that she intends to ask the Court to apply the doctrine of Res Ipsa Loquitur to establish an inference that the desk chair was unreasonably dangerous when it left Virco's control. *R. 13*.

"The *res ipsa loquitur* doctrine means that the circumstances surrounding an accident are so unusual as to give rise to an inference of negligence or liability on the part of the defendant. Under such circumstances, the only reasonable and fair conclusion is that the accident resulted from a breach of duty or omission on the part of the defendant." *Lawson v. Mitsubishi Motor Sales of America, Inc.*, 938 So.2d 35, 48 (La.2006). In *Lawson*, the Louisiana Supreme Court held that the doctrine of *res ipsa loquitur* may be used to prove the manufacturer's negligence in an LPLA case. *Id., at p. 49*. In a products liability action, "[t]he defective nature of a product will not be presumed by utilizing this doctrine, but rather, it simply gives the plaintiff the right to place on the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of the unreasonably dangerous nature of a product sufficient to shift the burden of proof." *Id., at 44*. If

the plaintiff successfully makes the inference then the burden of proof shifts to the defendant-manufacturer to prove that the product was not defective when it left the manufacturer's control. *Lawson*, 938 So.2d at 49.

As the law does not require plaintiff to present expert testimony to identify a specific defect in the desk chair the Court will consider plaintiff's burden to establish that the desk chair was "unreasonably dangerous," as follows.

### I. *Defective Construction/Composition*

A product is unreasonably dangerous in construction or composition if, at the time it left the manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. R.S. 9:2800.55. Plaintiff alleges that at the time the desk chair left the control of Virco, "one or more of the metal pieces under the seat portion of the Desk Chair could break, thereby causing the Desk Chair to fail and/or break when [plaintiff] attempted to sit in the Desk Chair." *R. 1, ¶ 7*. Plaintiff has produced no evidence that the chair was defective in that it deviated from its specifications in an way. In order for *res ipsa loquitur* to apply in this case, plaintiff must "sufficiently exclude inference of the plaintiff's own responsibility or the responsibility of others besides defendant in causing the accident." *Lawson, at p. 50*.

Here, it is undisputed that the chair was destroyed after the incident and no examination was made of the chair before it was discarded. *R. 11-2, pp. 72-74*. Plaintiff testified, however, that she had access to at least one other chair which was

7

"identical" to the chair at issue in manufacturer, model and age.[4] *R. 11-2, p. 76-77.* Plaintiff has performed no testing on the other chair nor has she presented any objective evidence, expert or otherwise, that a defective condition actually existed in the chair at the time it left Virco's control. The record indicates that the chair at issue was outside of the manufacturer's control and had been used in the computer lab for six or seven years before the incident. *Id., at p. 66.*

Virco contends that the 6-7 year old chair was subject to wear and tear and the need for periodic maintenance. Moreover, Virco maintains, it is impossible to know what may have been done to the chair during the 6-7 years, either by the school, others who may have used the chair or plaintiff herself. The record reveals that others used the chair in the computer lab. *R. 11-2, p. 67;R. 20-2, p. 26; R. 20-3, p. 27.* Virco cites the depositions of plaintiff's co-workers, Cindy W. Nolan and Janice O. Johnson, who were present in the computer lab at the time of the incident. Both Nolan and Johnson testified that they did not like to sit in the chair in question because it felt unsafe, i.e. it had "unexpected movement." *R. 20-2, Depo. Of Nolan, pp. 29-32; 20-3, Depo. Of Johnson, pp. 27-31.* Nolan and Johnson also testified that plaintiff frequently tipped or turned the chair over and adjusted it. *Id.* Nolan testified that plaintiff had expressed fear that the chair might break. *R. 20-2, p. 43.*

Based on the foregoing evidence, the Court finds that plaintiff has not sufficiently excluded the inference of her own responsibility or the responsibility of others besides Virco in causing the chair to break, and therefore, the jurisprudential doctrine of *res ipsa loquitur* is insufficient to establish plaintiff's burden that the desk

---

[4] Plaintiff also testified that the School District "ordered these [chairs] for all the computer lab facilitators at one point." *R. 11-2, p. 66.*

chair was unreasonably dangerous in composition when it left the control of Virco. *See, Simon v. Ford Motor Co.*, 256 So.2d 725, 730 (La.App. 1 Cir., 1972) (citing *Elliott v. General Motors Corp.*, 232 So.2d 907 (La.App.2d Cir.1970) and *Morales v. Employers' Liability Assurance Corporation, Ltd.*, 202 La. 755, 12 So.2d 804 (1943)) (*Res ipsa loquitor* "can be applied only where the instrumentality which caused the accident was under the control of the defendant, and where the accident was of the type that leaves no room for any presumption other than the negligence of the defendant against whom the doctrine is sought to be applied.").

## 2. *Defective Design*

A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:

> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
>
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

La.R.S. 9:2800.56; *Thompson v. Nissan North America, Inc.*, 429 F.Supp.2d 759 (E.D.La.2006), aff'd 230 Fed. Appx. 443 (5th Cir.2007). "No language or provision of the [LPLA] statute requires that a cause of action alleging a design defect must, as a matter of law, be supported by expert testimony. To the extent the statute allocates burdens of proof or production, it simply states that '[t]he claimant has the burden of proving the elements of [his or her claim]'. La.Rev.Stat. Ann. § 9:2800.54." *Malbrough v. Crown Equipment Corp.*, 392 F.3d 135, 137 (5th Cir. 2004)

To withstand Virco's motion for summary judgement, plaintiff is required to

present evidence sufficient to enable a reasonable trier of fact to conclude that she has established the essential elements of her claim, including that safer alternative designs were in existence at the time the chair left Virco's control and that the risk avoided by such designs outweighed the burden of adopting the designs. *Morgan v. Gaylord Container Corp.*, 30 F.3d 586 (5th Cir.1994) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 181 & 183 (5th Cir.1990)). The Court finds that plaintiff has failed to present evidence either of these elements. Thus, the Court will grant summary judgment on the claim of defective design.

### 3. *Failure to Provide Adequate Warning*

To maintain a failure-to-warn claim, a plaintiff must demonstrate that "the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." La. R.S. 9:2800.57; *Stahl*, 283 F.3d at 261. "Proving a design defect or a 'construction or composition' defect is not a prerequisite to establishing a failure-to-warn claim. Even if a product is not defectively designed or constructed, a manufacturer 'may still have a duty to warn consumers about any characteristic of the product that unreasonably may cause damage.'" *Id.*, (quoting *Grenier v. Med. Eng'g Corp.*, 243 F.3d 200, 205 (5th Cir.2001)).

While plaintiff alleges in her Original Complaint that Virco failed to provide an adequate warning of the alleged defect in the desk chair, none of the factual allegations in her Complaint even imply a failure to warn under the LPLA. Rather, plaintiff's Complaint provides nothing more than recitations of statutory language

without the factual underpinnings required for a plausible claim against Virco. Thus, as plaintiff's Complaint fails to state a plausible claim for relief, her failure-to-warn claim must be dismissed. *See, Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 4. *Failure to Adequately Test*

Plaintiff alleges that Virco failed to adequately test its product. *R. 1,* ¶ *9*. The failure to test *per se* does not give rise to a cause of action except insofar as it renders the product unreasonably dangerous. Thus, the failure to properly test must result in either a defect or a failure to warn, and a plaintiff must proceed under one of these theories. *MacDonald v. Monsanto,* 68 F.3d 470, 2 (5th Cir. 1995). While plaintiff makes no additional allegations nor any argument in her Opposition Memorandum as to Virco's failure to adequately test the desk chair, Virco has produced the January 28, 2005 Test Report of the Virco chair 9260GC, at issue in this case.[5] *R. 20-2*. The Test Results state that the chair passed the overall test results requiring "Compliance with acceptance criteria ads defined by ANSI/BIFMA X 5. 1-2002 Testing Procedures for General Purpose Office Chairs." *Id.* Thus, plaintiff's failure to adequately test whether related to her design defect or failure to warn claim, must be dismissed.

Plaintiff has chosen to rely on the allegations in her Complaint, deposition testimony, and discovery responses in meeting her burden of proving why the desk chair failed, what caused its alleged failure, and/or how the failure is causally

---

[5] Virco also submits the affidavit of Lee A. Wallace, Virco's Senior Industrial Engineer, in order to authenticate and verify the Test Results. *R. 20-1*.

connected to the practices of Virco. As provided in the foregoing, the Court has found that plaintiff cannot meet her burden of proof that the desk chair was unreasonably dangerous. The Court further finds that plaintiff has not come forward with sufficient evidence from which a reasonable juror could conclude that more probably than not the damages in this case were caused by an unreasonably dangerous condition of plaintiff's desk chair. Plaintiff has not sufficiently accounted for other possible causes of the failure, such as the age of the chair or the impact on the chair during the time it was used by plaintiff and others.

*Conclusion*

As plaintiff has failed to establish her claims under the Louisiana Products Liability Act, the Court will grant defendant, Virco, Inc.'s Motion For Summary Judgment.

_____
Richard T. Haik, Sr.
United States District Judge